## L. J. PATTERSON ET AL. v. HILL COUNTY ET AL.

### Decided June 27, 1906.

**Public Road—Consent—Jurisdiction.**

   Owners of land who have agreed to donate same for a public road and waive their claim for damages if the county would establish and maintain it can not question the validity of the order of the Commissioners' Court directing the opening of it on the ground that the proceedings were irregular and insufficient to give the court jurisdiction.

Error from the County Court of Hill County. Tried below before Hon. N. J. Smith.

*Walker & Scruggs* and *A. P. McKinnon,* for plaintiff in error.— Commissioners' Court can not exercise jurisdiction to open a road until notice has been given by the jury of view, authorized to assess the damages. McIntire v. Lucker, 77 Texas, 259; Vogt v. Bexar County, 5 Texas Civ. App., 277; Bowie County v. Powell, 66 S. W. Rep., 238.

   Adequate compensation must be paid or deposited for the land taken, regardless of benefits which can not be offset against adequate compensation for land taken. Travis County v. Troydon, 88 Texas, 302; Evans v. Santana Live Stock Co., 81 Texas, 622.

   When a road is located without notice damages can be recovered by suit in court having jurisdiction of amount. Bowie County v. Powell, 66 S. W. Rep., 238; Llano County v. Scott, 2 Texas Civ. App., 412;

Cunningham v. San Saba County, 1 Texas Civ. App., 483; McIntire v. Lucker, 77 Texas, 259; Bounds v. Kirven, 63 Texas, 160.

*L. C. Hill* and *Frazier & Basham,* for defendants in error.

KEY, ASSOCIATE JUSTICE.—This is a suit to recover damages from Hill County for the alleged wrongful taking of certain land for a public road. The plaintiffs' petition alleged that the Commissioners' Court of the county had made an order establishing the road and requiring it to be opened, a copy of which order is attached to and made a part of the petition. The order referred to recites the fact that the owners of the land affected by the establishment of the road had waived their claims for damages and donated the right of way to the county. The petition does not controvert this recital, but contends that the Commissioners' Court had no jurisdiction to establish and open up the road, because of the failure to comply with certain provisions of the statute regulating such matters.

If it be true, as appears from the minutes of the Commissioners' Court, that the owners of the land upon which it was sought to establish the road agreed to donate the land and waive their claim for damages if the county would establish and maintain the road, we do not think such owners can be heard to question the jurisdiction of the Commissioners' Court. Hence we hold that the trial court ruled correctly when it sustained a general demurrer to the petition.

*Judgment affirmed.*